# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:24-cv-00739 |
| v. | ) ) | **COMPLAINT** |
| REX HEALTHCARE, INC. | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Heather Goeller ("Ms. Goeller"). As alleged with greater particularity below, Plaintiff Equal Opportunity Employment Commission ("the EEOC" or "Commission") alleges Defendant Rex Healthcare, Inc. ("Defendant") violated Title VII when it discriminated against Ms. Goeller by refusing to accommodate her sincerely held religious beliefs and terminating her employment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2.      This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

## PARTIES

4.      The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1)and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.      Defendant Rex Healthcare, Inc. is a private, non-profit corporation organized under the laws of the State of North Carolina and, at all relevant times, has conducted business in the State of North Carolina, and in Wake County, North Carolina.

6.      At all relevant times, Defendant has continuously had at least 15 employees.

7.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8.      More than thirty days prior to the institution of this lawsuit, Ms. Goeller filed a charge with the Commission alleging violations of Title VII by Defendant.

9.      On August 20, 2024, the Commission issued a Letter of Determination to Defendant, notifying Defendant the Commission found reasonable cause to believe Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.     Prior to the institution of this lawsuit, the Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the unlawful employment practices.

11.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     On September 16, 2024, the Commission issued a Notice of Conciliation Failure to Defendant.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14.     Ms. Goeller began working for Defendant on or about May 1, 2012, as a Patient Account Specialist.

15.     On or about June 9, 2019, Ms. Goeller was promoted to Senior Revenue Cycle Representative.

16.     Ms. Goeller's position as a Senior Revenue Cycle Representative did not require any direct patient contact.

17.     Beginning in March 2020, the employees of Defendant's Revenue Cycle Department, which included Ms. Goeller, began working remotely.

18.     Continuing from March 2020 through the remainder of Ms. Goeller's employment, Ms. Goeller worked remotely and was not required to report to any office location.

19.     Upon information and belief, the employees of Defendant's Revenue Cycle Department continue to work remotely.

20.     Ms. Goeller is a Christian who maintains a sincerely held religious belief that she was created in the image of God.

21.     As part of Ms. Goeller's sincerely held religious belief, Ms. Goeller believes that receiving vaccines such as the COVID-19 and flu vaccines is inconsistent with God's will.

22.     Defendant recognized Ms. Goeller's sincerely held religious belief until September of 2021, granting her an exemption from the flu vaccine on that basis during 2019 and 2020.

23.     In July 2021, Defendant implemented a COVID-19 vaccination policy that required all employees to be vaccinated.

24.     Defendant's COVID-19 vaccination policy required employees to be fully vaccinated no later than November 3, 2021.

25.     Defendant's COVID-19 vaccination policy permitted employes to seek a religious exemption from the COVID-19 vaccination requirement.

26.     Employees seeking a religious exemption to Defendant's COVID-19 vaccination requirement were directed to submit a signed statement confirming why such immunizations were not consistent with their sincerely held religious beliefs.

27.     Requests for religious exemption were required to be submitted by September 21, 2021.

28.     During the period from on or about September 1, 2021 to on or about September 21, 2021, Ms. Goeller submitted four written requests for a religious exemption from Defendant's COVID-19 vaccination requirement.

29.     Each request for religious exemption submitted by Ms. Goeller included information to explain her religious beliefs and to support the religious basis of her objection to vaccines.

30.     All four of Ms. Goeller's written requests for religious exemption were denied.

31.     Ms. Goeller did not get the COVID-19 vaccine because to do so would violate her sincerely held religious beliefs.

32.     On November 3, 2021, Defendant fired Ms. Goeller for failing to comply with its COVID-19 vaccination requirement.

## COUNT I
### Failure to Provide Religious Accommodation in Violation of Title VII

33.     The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 32 above.

34.     From at least September 1, 2021, Defendant engaged in unlawful employment practices in violation of Sections 701(j) and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e(j) and - 2000e-2(a)(1), by failing or refusing to provide Ms. Goeller with a reasonable accommodation of her sincerely held religious beliefs.

35.     Ms. Goeller possesses a Christian worldview that includes the belief that her body is a temple of the Holy Spirit and subjecting it to man-made vaccines is a defiling of this temple and contrary to the foundations of her faith.

36.     Ms. Goeller's beliefs are religious in nature and sincerely held.

37.     Defendant's requirement that Ms. Goeller receive the COVID-19 vaccination conflicted with Ms. Goeller's sincerely held religious beliefs.

38.     Defendant knew that Ms. Goeller's religious beliefs conflicted with its requirement that she receive the COVID-19 vaccine.

39.     Upon information and belief, an accommodation was available.

40.     Defendant took adverse employment action against Ms. Goeller because she failed to comply with its requirement that she receive the vaccine.

41.     The practices complained of above are unlawful and in violation of Title VII.

5

42.     The practices complained of have deprived Ms. Goeller of equal employment opportunities and otherwise adversely affected her status as an employee because of her religion.

43.     The practices complained of were intentional.

44.     The practices complained of above were conducted with malice and with reckless indifference to the federally protected rights of Ms. Goeller.

### COUNT II
### Discriminatory Discharge in Violation of Title VII

45.     The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 44 above.

46.     Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1), by terminating Ms. Goeller's employment because of her religion.

47.     On or about November 3, 2021, Defendant discharged Ms. Goeller because she failed to comply with Defendant's COVID-19 vaccine mandate based on a religious objection.

48.     Prior to her discharge, Ms. Goeller informed Defendant that its COVID-19 vaccine requirement conflicted with her sincerely held religious beliefs.

49.     The practices complained of above are unlawful and in violation of Title VII.

50.     The practices complained of above have deprived Ms. Goeller of equal employment opportunities and otherwise adversely affected her status as an employee because of her religion.

51.     The practices complained of above were intentional.

52.     The practices complained of above were conducted with malice and with reckless indifference to Ms. Goeller's federally protected rights.

6

53.     As a direct and proximate result of Defendant's unlawful conduct, Ms. Goeller suffered actual damages, including but not limited to back pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on religion, including the failure to provide accommodation for sincerely held religious beliefs or termination based on religion.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities to persons protected by Title VII and which eradicate the effects of its past and present unlawful employment practices, including religious discrimination.

C.     Order Defendant to make Ms. Goeller whole by providing appropriate backpay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or in the alternative, front pay.

D.     Order Defendant to make Ms. Goeller whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order Defendant to make Ms. Goeller whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F.     Order Defendant to pay Ms. Goeller punitive damages for its willful, malicious, and/or reckless conduct, as described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

MELINDA C. DUGAS
Regional Attorney

ZOË G. MAHOOD
Supervisory Trial Attorney

*/s/ Gabriel O. Mondino*
GABRIEL O. MONDINO
Trial Attorney
LA State Bar No. 31514
Richmond Local Office
400 N. 8th Street, Suite 350
Richmond, VA 23219
Telephone: (804) 362-6916
Facsimile: (704) 954-6412
Email: gabriel.mondino@eeoc.gov

8

*/s/ Joshua Kadel*
JOSHUA KADEL
Trial Attorney
VA State Bar No. 89308
Richmond Local Office
400 N. 8th Street, Suite 350
Richmond, VA 23219
Telephone: (804) 362-6924
Facsimile: (704) 954-6412
Email: joshua.kadel@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**