IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00739-BO-BM

EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
    Plaintiff, )
)
v. ) **ORDER**
)
REX HEALTHCARE, INC., )
    Defendant )
)

This matter is before the Court on Defendant Rex Healthcare's motion to dismiss [DE 11]. For the following reasons, the motion is denied as moot.

## BACKGROUND

On December 26, 2024, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a complaint alleging that Defendant Rex Healthcare, Inc. ("Rex") violated Title VII by refusing to accommodate the sincere religious beliefs of Heather Goeller, and later terminating her employment. [DE 1 at 1].

On February 24, 2025, Defendant Rex moved to dismiss the complaint. [DE 11]. Plaintiff EEOC did not respond to that motion, but instead filed an amended complaint on March 12, 2025, with greater factual support. [DE 13]. Defendant Rex answered the amended complaint on March 26, 2025, in which it requested that "Plaintiff's Amended Complaint be dismissed in its entirety." [DE 15 at 14].

## ANALYSIS

An amended pleading replaces and supersedes the original pleading to which the motion was directed. *See, e.g., Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). Typically, the filing of an amended complaint moots a

previously filed motion to dismiss. *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, 2011 WL 4014315, at *1 (W.D.N.C. 2011). However, the Fourth Circuit has noted that courts have discretion to consider a pending motion "as being addressed to the… Amended Complaint if that complaint contain[s] the same defect raised in the" pending motion. *Ohio River Valley Environ. Coalition, Inc. v. Timmermeyer*, 66 Fed. App'x 468, 472 n.4 (4th Cir. 2003).

In its discretion, the Court determines that it is inappropriate to consider Defendant's pending motion to dismiss [DE 11] as being directed towards Plaintiff's amended complaint. The pending motion to dismiss was targeted at many supposed factual deficiencies located in the original complaint—deficiencies that have been at least partially addressed or remedied by the filing of the amended complaint. It would be improper to rule on a pending motion to dismiss, cast against a complaint that it was never intended to address. *Sennott v. Adams*, 2014 WL 2434745, at *3 (D. S.C. 2014).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [DE 11] is DENIED AS MOOT. If Defendant believe that defects remain in the amended complaint, they may file a motion to dismiss addressing the amended complaint within the time frame allotted by the Federal Rules of Civil Procedure.

SO ORDERED, this 23 day of April 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE