# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>REX HEALTHCARE, INC.<br><br>Defendant. | CIVIL ACTION NO.<br>5:24-cv-00739-BO-BM<br><br>CONSENT DECREE |

This Consent Decree embodies the final terms of resolution for the above-styled civil action, as agreed to by the Equal Employment Opportunity Commission (the "Commission") and Rex Healthcare, Inc. (the "Defendant" or "Rex") (collectively "the Parties"), and as entered by this Court.

## I. BACKGROUND

1. The Equal Employment Opportunity Commission instituted this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices and to provide appropriate relief to Heather Goeller ("Ms. Goeller").

2. The Commission's Complaint alleges that Defendant violated Title VII when it discriminated against Ms. Goeller by refusing to accommodate her sincerely held religious beliefs and terminating her employment. Defendant denies the Commission's allegations in their entirety.

3. The Parties have engaged in comprehensive settlement negotiations and agreed to resolve the allegations in this civil action, *Equal Employment Opportunity Commission v. Rex*

*Healthcare, Inc., Civil Action No. 1:24-cv-00456*, (the "action"), without the burden, expense, or delay of further litigation.

4. The Parties have agreed that this action should be finally resolved by this Consent Decree (the "Decree") and that this Decree is final and binding on the Parties, their successors, and assigns.

## II. FINDINGS

5. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

   a. This Court has jurisdiction over the Parties and the subject matter of this action;

   b. The terms of this Decree are adequate, reasonable, fair, and equitable;

   c. The rights of the Parties and the public interest are adequately protected by this Decree;

   d. The purpose and provisions of Title VII will be promoted and effectuated by the entry of this Decree;

   e. The Decree constitutes the complete understanding between the Parties regarding the matters discussed herein; and,

   f. This Decree, by the terms contained herein, constitutes a reasonable settlement between the Parties and resolves all matters in controversy relating to the above-styled civil action and underlying administrative charge.

## III. TERMS

WHEREFORE, it is **ORDERED, ADJUDGED and DECREED** as follows:

6. This Court will retain jurisdiction for the duration of this Decree, which shall be for a period of two years from the date of entry of this Decree. If any dispute raised during the term

of the Consent Decree remains unresolved at the time the Decree expires, the Court will retain jurisdiction of this matter to enforce the Decree until all such disputes have been resolved.

7. This Decree fully and finally resolves the claims asserted by the Commission in this action, styled above as *Equal Employment Opportunity Commission v. Rex Healthcare, Inc.*, Civil Action No. 1:24-cv-00456, and the claims asserted by Ms. Goeller in the underlying administrative charge, EEOC Charge No. 433-2021-02888.

8. This Decree does not resolve any other charge of discrimination filed with the Commission, whether previously filed with the Commission, currently pending before the Commission, or which may be filed with the Commission in the future. The Commission reserves all rights to proceed with the investigation and/or litigation of any other charges or claims, including, but not limited to, the investigation and litigation of any pending or future charges or claims against Defendant and all affiliated entities.

9. The terms of this Decree are and shall be binding upon the Parties and upon the present and future successors and assigns of Defendant, Rex Healthcare, Inc. (the term "assigns," as used herein, means any entities to which contracts or other legal obligations are assigned by Rex). The amendment or waiver of any provision of the Decree will be ineffective unless made in writing and signed by the Parties' authorized representative. The authorized representative for the Commission is the Regional Attorney for the Charlotte District Office. The authorized representative for Defendant is Brent Powell, Executive Director – Litigation and Dispute Resolution.

10. If any provision of this Decree shall be deemed unenforceable, the remaining provisions shall survive and remain in full force and effect.

11. Defendant denies any violations of Title VII or any other law, and this Agreement shall not be construed as an admission by Defendant of any violation of Title VII or any other law under the jurisdiction of the EEOC.

## IV. INJUNCTIVE RELIEF

12. Defendant is enjoined from discriminating against any individual because of their religion or sincerely held religious beliefs, observances, or practices, in any phase of employment including recruitment, hiring, job assignments, promotion, training, or other terms and conditions of employment, in violation of Title VII of the Civil Rights Act of 1964.

13. Defendant is enjoined from failing to provide reasonable accommodations to employees or applicants whose sincerely held religious beliefs, observances or practices conflict with a workplace rule or job requirement, in violation of Title VII of the Civil Rights Act of 1964, absent undue hardship.

## V. MONETARY RELIEF

14. Within thirty (30) days of the entry of this Decree and the provision of a form 1099 from Ms. Goeller (whichever is later), Defendant shall pay the total gross amount of one hundred and fifty thousand dollars ($150,000.00) (the "Settlement Payment") in full and final settlement of this civil action and EEOC Charge No. 433-2021-02888. This amount includes eighty-five thousand six hundred and forty-three dollars ($85,643.00), which shall be treated as back wages. The Settlement Payment is a debt owed to the United States of America, and the United States of America is entitled to collect such debt if payment is not made in accordance with this Decree.

15. Payment shall be made by issuing two checks, one for back wages (in the amount of $85,643.00) less applicable withholdings, and the other for the remaining amount of the Settlement Payment (in the amount of $64,366.00), payable to Heather Goeller at an address

provided by the Commission. Defendant shall send the checks to Ms. Goeller via tracked commercial delivery service and shall concurrently submit copies of the checks to the Commission by electronic mail at EEOC-CTDO-decree-monitoring@eeoc.gov.

16. If Defendant fails to tender the above-mentioned payments as set forth above, Defendant shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. Section 6621(b) until the same is paid, and bear any additional costs incurred by the Commission as a result of Defendant's non-compliance.

17. Neither the Commission nor Defendant makes any representation or assumes responsibility for any tax liability, assessments, interest, penalties, and/or costs that Ms. Goeller may or may not incur on such payments under local, state, and/or federal law.

18. Defendant shall issue appropriate IRS Forms and make withholdings from payments made pursuant to this Decree based on the withholding information previously provided by Ms. Goeller during her employment with Defendant, except that payment designated as compensatory and/or punitive damages shall be reported on IRS Form 1099 and Defendant shall make no withholdings from such payment. Defendant shall be responsible for all applicable withholding and payroll taxes, consistent with this Decree and applicable regulations and law. Defendant shall issue all IRS Forms and shall send them directly to Heather Goeller no later than January 31, 2027, using an address provided by the Commission.

19. As the Commission may be required to issue a Form 1098-F in connection with payments made under this Decree, Defendant shall provide the EIN and the name and address of Defendant's representative to whom the copy of the Form 1098-F should be directed. Defendant has designated Rex Healthcare, Inc., c/o: T. Cullen Stafford, counsel for Rex Healthcare, Inc., 4101 Lake Boone Trail, Raleigh, NC 27607 as its representative.

20. The Commission has made no representations regarding whether the amount paid under this Decree qualifies for the deduction under the Internal Revenue Code. The provision of Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction under the Internal Revenue Code will be made solely by the IRS with no input from the Commission. The Parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid under this agreement qualify for a deduction under the Internal Revenue Code.

## VI. NON-MONETARY RELIEF

21. Within thirty (30) days of the entry of this Decree, Defendant shall provide Ms. Goeller with the letter of reference attached hereto as Exhibit A. The Commission will provide the address to which the letter should be directed. Ms. Goeller is free to disseminate the letter to potential employers. Provided that Ms. Goeller directs any such inquiries to The Work Number (www.theworknumber.com, or 1-800-367-5690), Defendant agrees that if it receives any inquiry about Ms. Goeller from a potential employer, it will provide only the information set forth in the letter in response.

22. Within thirty (30) days of the entry of this Decree, Defendant shall ensure it has in place a stand-alone policy addressing requests for religious accommodation for employees that includes

(a) an explanation that the policy applies to all types of religious accommodation requests;

(b) that the policy is not limited to "the performance of an aspect of patient care or a procedure," but rather extends to all aspects of employment;

(c) the process by which an employee or applicant can request a religious accommodation, including the types of information the requestor should provide to advise Defendant of a sincerely held religious belief;

(d) an explanation of the process for requesting a religious accommodation;

(e) an explanation that determinations regarding religious accommodations are to be made on a case-by-case basis;

(f) identification of non-exclusive factors for decision-makers to consider when determining whether an accommodation would pose an undue hardship;

(g) an instruction to consider possible alternative accommodations;

(h) a requirement to document in writing any approval or denial of a religious accommodation request, provided that the requesting employee submits their request in accordance with the policy;

(i) a requirement that the employee or applicant requesting the religious accommodation receives a written explanation for any denial of a religious accommodation request submitted in accordance with the policy;

(j) a provision stating that review of any religious accommodation requests shall be performed by Rex's Employee Relations department (which department operates separately from Rex employees' individual supervisory chain(s) of command);

(k) identification of a non-exclusive list of factors to be considered in reviewing and deciding religious accommodation requests, including reference to following:

>  (i) that because the definition of religion is broad and protects beliefs, observances, and practices with which the reviewer may be unfamiliar, the reviewer should ordinarily assume that an employee's request for religious accommodation is based

on a sincerely held religious belief. However, if the reviewer has an objective basis for questioning either the religious nature or the sincerity of the belief, observance, or practice in question, the reviewer is entitled to make a limited inquiry into the facts and circumstances of the employee's claim that the belief or practice at issue is religious and is sincerely held;

(ii) that the inquiry should not be focused on whether a person holds religious beliefs for the "proper" reasons, but whether the religious belief is sincerely held;

(iii) that the reviewer should not attempt to analyze or judge the employee's motives or reasons for holding the religious belief;

(iv) that an employee does not forfeit his right to religious accommodation because he does not strictly adhere to the religious belief;

(v) while prior inconsistent conduct is relevant, an employee's beliefs and degree of observance may change over time, thus a newly adopted religious belief, or one previously inconsistently observed, may nevertheless be sincerely held; and

(vi) that the reviewer should not assume that an employee is insincere simply because some of his practices deviate from the commonly followed tenets of his religion, or because the employee adheres to some common practices but not others.

(l) that any denial of a request for religious accommodation be in writing, provided that the accommodation request was submitted in accordance with the policy; and

(m) an explanation that if Defendant denies an individual's accommodation request, the individual may submit a request for reconsideration along with additional documentation and information within a set period of time, at which point Defendant will reconsider the employee's request, provided that Defendant's determination upon reconsideration will be

final. The "reconsideration" referenced in this Section shall be performed by an Employee Relations employee other than the employee who made the initial determination.

23. Within forty-five (45) days of the entry of this Decree, Defendant shall issue a copy of the religious accommodation policy (as referenced in Paragraph 22) to all employees including remote employees. If any policy transmitted electronically is returned undeliverable, Defendant will ensure that the employee receives a copy of the policy.

24. During the term of this Decree, Defendant shall provide its religious accommodation policy as described in Paragraph 22 above to all new employees, confirm that they have reviewed the policy, and provide the new employee the opportunity to ask any follow-up questions.

25. Within one hundred and twenty (120) days of the entry of this Decree, Defendant shall train all employee relations and human resource personnel charged with review and determination of religious accommodation requests under Defendant's revised policy on the terms of the revised policy, as outlined in Paragraph 22.

26. During the term of this Decree, Defendant shall post its religious accommodation policy on its intranet in a place where it will remain accessible to all employees throughout the duration of this Decree.

27. Beginning within thirty (30) days after the entry of this Decree, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, on an intranet website where it is visible to employees at all facilities. If the Notice becomes defaced, corrupted, or unreadable, Defendant shall remedy it by posting another copy of the Notice.

28. Within forty-five (45) days of the entry of this Decree, Defendant shall report compliance with Paragraphs 22, 23, 24, 26 and 27 above to the Commission by electronic mail at EEOC-CTDO-decree-monitoring@eeoc.gov.

29. On an annual basis during the term of this Decree, Defendant shall provide training to all of its human resources and employee relations employees involved in the review and approval of requests for religious accommodations. The training shall include:

(a) a detailed review of Defendant's revised religious accommodation policy;

(b) the process by which an employee or applicant can request a religious accommodation;

(c) an explanation of the review process for religious accommodation requests, including that Defendant shall review religious accommodation requests on an individual case-by-case basis;

(d) review of relevant EEOC guidance;

(e) factors to consider in making determinations regarding religious accommodation requests;

(f) guidance that the decision-maker should, if appropriate under the circumstances, confer with the requesting employee's manager and/or supervisors regarding any undue hardship potentially caused by the requested accommodation and potential alternative accommodations;

(g) Defendant's documentation requirements related to religious accommodation request, as referenced in the revised policies referenced herein; and

(h) Defendant's requirement that employees or applicants requesting the religious accommodation receive an explanation for any denial of a religious accommodation request.

30. During the term of this Decree, Defendant shall provide annual training to all salaried, non-exempt managers and supervisors of Rex regarding religious accommodations. Such training shall include:

(a) a review Defendant's revised religious accommodation policy;

(b) a review of the process by which an employee or applicant can request a religious accommodation;

(c) an explanation that Defendant's Employee Relations department shall review religious accommodation requests on an individual case-by-case basis;

(d) Title VII's prohibition against religious discrimination; and

(e) Title VII's prohibition against retaliation in the workplace.

This training may occur in conjunction with Defendant's trainings on other EEO policies.

31. The first training programs in paragraphs 29 and 30 shall be completed within one hundred and twenty (120) days after entry of this Decree. Any subsequent training program shall be conducted approximately one-year after the first training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training that was undertaken and shall provide the Commission with a roster of all employees in attendance.

## VII. COMPLIANCE REPORTING

32. During the term of this Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after the entry of this Decree. The report will include the following information:

(a) the identity of each employee or applicant who was denied a religious exemption from a vaccine requirement;

(b) the date of the religious accommodation request;

(c) what accommodation the employee or applicant requested,

(d) the date the request was denied; and

(e) the reason for the denial.

All personally identifiable information, including employee names and contact information, provided by Rex to the Commission in semi-annual reports as provided under Paragraph 32 will be treated by the Commission as information protected from public disclosure pursuant to the Privacy Act of 1974.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a report indicating no requests for religious accommodation were made during the reporting period.

33. The Commission may review compliance with the Decree. As part of the review, the Commission may verify the postings required by this Decree and examine and copy documents with five (5) business days of notice to Defendant.

## VIII. REMEDIES

34. If, during the term of this Decree, the Commission believes Defendant is violating a provision of the Decree other than the payment of the monetary settlement amount, the Commission shall give Defendant written notice of the alleged violation to Defendant's designated point of contact identified herein. Defendant shall have twenty-one (21) days in which to investigate and respond to the allegations. The Parties will then have twenty-one (21) days, or such additional period of time as may be agreed upon by the Parties in writing, in which to engage in negotiations regarding any alleged violations before the Commission applies to the Court for appropriate relief. Where the Commission believes that the violation presents an imminent threat

to the health, safety, or welfare of one or more of Defendant's employees or where the Defendant has failed to make timely payment of the settlement amount, the Commission retains the right to seek immediate intervention by the Court.

35. All notices to Defendant by the Commission pursuant to this Decree shall be sent by electronic mail to: T. Cullen Stafford (as counsel for Rex) at cstafford@wyrick.com. If at any time during the term of this Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

36. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to EEOC-CTDO-decree-monitoring@eeoc.gov.

## IX. MISCELLANEOUS PROVISIONS

37. The Decree shall be binding on Defendant and all of Defendant's successors-in-interest. Defendant shall notify all such successors-in-interest of the existence and terms of the Decree.

38. Each party shall bear its own costs and attorney's fees incurred in connection with this action.

It is so ORDERED on this _____ day of _____, 202__.

_____
United States District Judge

Considered and agreed to by:

*[signature]*

Melinda C. Dugas, Regional Attorney
EEOC Charlotte District

*[signature]*

Scott Doak
Chief Human Resources Officer

Jointly submitted:

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CATHERINE L. Eschbach
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M. Street, N.E.
Washington, D.C. 20507

MELINDA C. DUGAS
Regional Attorney

ZOE G. MAHOOD
Assistant Regional Attorney


By Counsel:

/s/ Gabriel O. Mondino
GABRIEL O. MONDINO
Trial Attorney
LA State Bar No. 31514
Richmond Local Office
400 N. 8th Street, Suite 350
Richmond, VA 23219
Telephone: (804) 362-6916
Facsimile: (704) 954-6412
Email: Gabriel.Mondino@eeoc.gov

JOSHUA KADEL
Trial Attorney

REX HEALTHCARE, INC.

/s/ T. Cullen Stafford
Lee M. Whitman (NC Bar No. 20193)
lwhitman@wyrick.com
T. Cullen Stafford (NC Bar No. 48872)
cstafford@wyrick.com
Josey L. Newman (NC Bar No. 55284)
jnewman@wyrick.com
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: 919-781-4000
Facsimile: 919-781-4865

*Counsel for Defendant*

Virginia Bar No. 89308  
Richmond Local Office  
400 N. 8th Street, Suite 350  
Richmond, VA 23219  
Telephone: (804) 362-6924  
Facsimile: (704) 954-6412  
Email: Joshua.Kadel@eeoc.gov

*Counsel for Plaintiff EEOC*

# EXHIBIT A

[Defendants' letterhead] [Date]

TO WHOM IT MAY CONCERN:

We provide the following reference on behalf of our former employee, Heather Goeller.

Heather Goeller was employed at Rex Healthcare, Inc. from May 1, 2012, to November 2, 2021. Ms. Goeller held the position of Patient Account Specialist until June 9, 2019, when she was promoted to the Senior Revenue Cycle Representative position. During her tenure with Rex Healthcare, Inc., Ms. Goeller performed her job well and had no performance issues. Ms. Goeller's ending rate of pay was $24.33 per hour.

We hope that this information about Ms. Goeller is helpful to you in considering her for employment.

Sincerely,


[INSERT NAME], Corporate Officer
Rex Healthcare, Inc.



# EXHIBIT B

# **EMPLOYEE NOTICE**

This NOTICE is posted pursuant to a Consent Decree between the Equal Employment Opportunity Commission (EEOC) and Rex Healthcare, Inc. ("Rex Healthcare") in a case of alleged religious discrimination. This NOTICE will be posted for a period of two years on an intranet website where it is visible to employees at all facilities. If the Notice becomes defaced, corrupted, or unreadable, Defendant shall remedy it by posting another copy of the Notice.

1. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's sex, color, religion, race, national origin, age (40 or older), or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, hearing, or otherwise asserted the rights under the laws enforced by the EEOC.

2. Rex Healthcare acknowledges that employees may request an accommodation to its employee practices, policies, and regulations on the basis of a sincerely held religious belief. Absent limitations provided under Federal law, Rex Healthcare acknowledges that it is required to provide reasonable religious accommodations, absent undue hardship or any other applicable defenses, and has developed policies to review any such religious accommodation request.

3. Rex Healthcare will comply with such federal laws in all respects. Furthermore, Rex Healthcare will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or provided testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S Equal Employment Opportunity Commission.

Employees have the right to report allegations of employment discrimination in the workplace. An employee may contact their local U.S Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
www.eeoc.gov

**DO NOT REMOVE THIS NOTICE UNTIL:** [INSERT DATE]